OPINION
{¶ 1} Defendant-appellant, Mamdouh S. Abdel-Rahman, appeals from the June 23, 2004 decision and entry of the Franklin County Court of Common Pleas granting plaintiff-appellees, James J. Moro's motion for an award of attorney fees. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On February 4, 2003, appellant and appellee entered into a Real Estate Purchase Contract ("the Contract") for real property located at 5240 Avery Road, Dublin, Ohio. Instead of signing the contract, appellant wrote, "Contingent upon seller's attorney (sic) signature." Underneath appellant's contingent term, appellee wrote, "Contingency to Be Removed By Feb 4 — 03" followed by appellee's initials.
 {¶ 3} Appellee delivered $10,000 cash deposit to appellant as earnest money. Appellant accepted the earnest money and deposited it into an account. Pursuant to Paragraph 4 of the Contract, the performance of the Contract was contingent upon the successful rezoning for the construction of 36 twin single-family homes, and a pool house building. According to the counteroffer provision of the Contract, the rezoning was to be complete by December 31, 2003.
 {¶ 4} On July 22, 2003, appellant attempted to terminate the Contract because he was unhappy with the deal. (Proceeding of March 15, 2004, Tr. 10, 21-22.) Appellant had misgivings about the terms of the Contract because his lawyer had not signed the Contract. Appellant attempted to return the $10,000 deposit.
 {¶ 5} Appellee discovered that appellant had attempted to interfere with appellee's efforts in rezoning the property as specified in the Contract. On November 6, 2003, appellee sought and was granted a temporary restraining order. Appellant continued to interfere with the rezoning process. Appellee sought a preliminary injunction. At the injunction hearing, appellant agreed not to interfere with the rezoning process. The parties entered into an agreed preliminary injunction order.
 {¶ 6} On August 6, 2003, appellee filed a complaint against appellant requesting, inter alia, specific performance of the Contract and attorney fees as a result of appellant's bad-faith action and frivolous conduct as defined under R.C. 2323.51. The trial court bifurcated the issues for trial. On March 24, 2004, the trial court entered judgment in appellee's favor ordering specific performance. Appellant failed to abide by the trial court's order. On May 18, 2004, appellant was held in contempt of court. The trial court divested appellant of title to the real property and conveyed title to appellee.
 {¶ 7} On April 15, 2004, a hearing was held on appellee's request for attorney fees. Both parties produced evidence and witnesses. On April 30, 2004, appellee supplemented the record with additional evidence of attorney fees. The trial court accepted the supplemental evidence and held a hearing on May 28, 2004. Appellee further supplemented the record on May 24, 2004 and June 8, 2004 with additional evidence of attorney fees. Appellant did not object to appellee supplementing the record. In an entry filed July 12, 2004, the trial court awarded attorney fees in the amount of $37,221.32. It is from this entry that appellant appeals, setting forth the following as error:
1. The trial court erred in awarding attorney fees to James J. Moro.
2. The trial court erred in the amount of attorney fees awarded.
 {¶ 8} Appellant's two assignments of error are interrelated and, as such, will be addressed together. Appellant argues that Ohio law does not favor an award of attorney fees in a breach of contract action. As such, appellant sets forth that the trial court had no legal basis for awarding attorney fees to appellee. Appellant maintains that the trial court ordered that he pay attorney fees as a punitive measure. Additionally, appellant avers that there is no basis for the amount of attorney fees awarded by the trial court. Appellant argues that the amount awarded by the trial court is inconsistent with the evidence presented at the hearing.
 {¶ 9} A decision to impose sanctions pursuant to R.C. 2323.51 rests within the sound discretion of the trial court and will not be reversed upon appeal absent an abuse of discretion. Riley v. Langer (1994),95 Ohio App.3d 151, 159. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court.Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 52; Sain v. Roo
(Oct. 23, 2001), Franklin App. No. 01AP-360. The language of R.C.2323.51(B)(1) explicitly vests the trial court with such discretion:
* * * [A]t any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment * * *, thecourt may award * * * reasonable attorney's fees * * * incurred in connection with the civil action * * * to any party to the civil action * * * who was adversely affected by frivolous conduct. * * *
(Emphasis added.)
 {¶ 10} A review of the record reveals that the trial court conducted one hearing on the issue of attorney fees, and appellant was given an opportunity to dispute the imposition of attorney fees under R.C. 2323.51. The trial court noted that appellant "engaged in various forms of bad faith behavior and frivolous litigation conduct." ("Decision Granting Plaintiff's Motion for an Award of Attorney Fees filed 4-13-2004.") The trial court found that appellant terminated the Contract with no legal and factual basis, actively interfered with appellee's rezoning attempts and acted in a defiant manner. The trial court determined that evidence presented convinced it that the amount of fees appellee requested was reasonable. The trial court awarded $37,221.32 for appellee, which appellant now claims was improper and excessive. We disagree.
 {¶ 11} We do not find that the trial court's award of $37,221.32 for attorney fees under R.C. 2323.51 was an abuse of discretion. Testimony and evidence was presented at the hearing and, in addition, appellant filed supplemental documentary evidence of incurred attorney fees. On appeal, appellant argues that the trial court awarded $10,000 in excess to the evidence the trial court had before it. We note that appellant failed to object to or challenge any evidence that appellee submitted before the trial court. A review of this evidence reveals that the award of $37,221.32 is a fair and accurate representation of the fees and costs incurred by appellant. The amount awarded by the trial court was reasonable based on the uncontradicted evidence it had before it. The trial court based this determination solely on appellee's counsel's time utilized in prosecuting the matter, time expended for appellant's failure to appear at the closing, and fees and costs incurred in the contempt proceeding. For the foregoing reasons, the trial court properly awarded attorney fees according to R.C. 2323.51. As such, appellant's first and second assignments of error are not well-taken.
 {¶ 12} For the foregoing reasons, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and McGrath, JJ., concur.